HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ADMINISTRATORS, INC.,

Plaintiff,

v.

SOUTHLAND LUMBER AND SUPPLY CO.,

Defendant.

CASE NO. C13-1180RAJ

ORDER

This matter comes before the court on Plaintiff's motion for default judgment. Dkt. # 7. The court GRANTS the motion and directs the clerk to enter default judgment as directed at the conclusion of this order.

The court's role in reviewing a motion for default judgment is not ministerial. It must accept all well-pleaded allegations of the complaint as fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of

ORDER – 1

mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiff is the authorized administrative agent for and assignee of a union trust fund. The evidence it has presented establishes that Defendant was obligated to make contributions to the trusts, and that Defendant failed to do so. The evidence demonstrates that Defendant made delinquent payment of Trust contributions for April and May 2013, entitling Plaintiff to liquidated damages of 20% of delinquent contributions, or $617.76 plus interest in the amount of $11.11 in this case.

In addition, Plaintiff requests attorney fees and costs. Although Plaintiff's evidence of attorney fees includes the hourly fees of non-attorneys, Plaintiff has established that its counsel does not incorporate non-attorney work into his hourly rate, and has established that counsel actually bills Plaintiff for the work of non-attorneys. In accordance with *Trustees of the Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006), the court awards the hourly fees of both Plaintiff's counsel and counsel's hourly-billing support staff. The court finds that Plaintiff's evidence supports an attorney fee award of $714.50 and costs of $560.00.

The clerk shall enter default judgment in accordance with this order.

DATED this 27th day of September, 2013.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 2